BESHADA FARNESE LLP
Peter J. Farnese (SBN 251204)
pjf@beshadafarneselaw.com
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Telephone: 310-356-4668
Facsimile: 310-388-1232

*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Co.*

EPSTEIN DRANGEL LLP
Jason M. Drangel
jdrangel@ipcounselors.com
Ashly E. Sands
asands@ipcounselors.com
Kerry B. Brownlee
kbrownlee@ipcounselors.com
Dwana S. Dixon
ddixon@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391

*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Co.*
*Pro Hac Vice Applications to be Submitted*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR CO.<br>*Plaintiff*<br><br>v.<br><br>MICHAEL & MICHELLE<br>ENTERPRISE, INC.<br>*Defendant* | 19:CV_____<br><br>Copyright Infringement/Unfair<br>Competition<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff Beverly Hills Teddy Bear Co. ("BHTBC" or "Plaintiff"), a corporation organized and existing under the laws of the State of California, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.    This case involves claims for copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Action"), and related state and common law claims, arising from Defendant Michael & Michelle Enterprise, Inc.'s ("Defendant" or "Michael & Michelle") infringement of Plaintiff's Squeezamals Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of BHTBC's Squeezamals Products (as defined *infra*).

## JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Action arises out of violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.    This Court has general and/or specific personal jurisdiction over Defendant because, upon information and belief, Defendant is located and/or conducts business, on a continuous and systematic basis, in the State of California and in this judicial district, and/or otherwise avails itself of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over

Defendant does not offend traditional notions of fair play and due process. Specifically, upon information and belief, Defendant is a California corporation, with its principal place of business in this judicial district.

4. Venue for this action is proper in the United States District Court for the Central District of California, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant resides in and/or conducts business in this judicial district and a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5. BHTBC is a California corporation, with its principal place of business located at 24625 Railroad Avenue, Santa Clarita, California 91321.

6. Upon information and belief, Defendant is a California corporation, with its principal place of business located at 659 South 6th Avenue, City of Industry, California 91746.

## GENERAL ALLEGATIONS

### BHTBC and Its Well-Known Squeezamals Products

7. Plaintiff is a leading global designer, creator and manufacturer of custom, private label toys, gifts, and plush, among other things, which are marketed under well-known brands such as Squeezamals®, Surprizamals®, Glow Glove®, and Glow to Go® ("BHTBC Product(s)").

8. One of Plaintiff's most recent and successful BHTBC Products is its line of collectible, scented, super-squeezy slow rise foam stuffed toys, which BHTBC

designed to look like various animals and/or other characters (e.g., sloths, narwhals, dogs, etc.) ("Squeezamals Product(s)").

9.    The Squeezamals Products, which are available throughout the United States and in over sixty (60) countries worldwide, are sold via BHTBC's website devoted to the same (*see* www.squeezamals.com), along with quality toy stores, major retailers and online marketplaces, such as Walmart, Target, Amazon.com, and Walgreens.

10.    The Squeezamals Products generally come in two (2) sizes, with the smaller version retailing for $7.99 each, and the larger version retailing for $15.99 each.

11.    The Squeezamals Products have achieved great success and immense popularity since their introduction in early 2018.

12.    In fact, the Squeezamals Products were awarded the title of Plush Toy of the Year by Learning Express Toys.

13.    Due to the widespread popularity of the first season of the Squeezamals Products, which consisted of twenty (20) different characters, BHTBC released a second season of Squeezamals Products comprised of additional characters. Currently, there are now over thirty (30) different Squeezamals Products to collect, ranging from Nadia the Narwhal, Lulu the Ladybug, to Mila the Monkey and more. Images of a selection of BHTBC's Squeezamals Products are attached hereto as **Exhibit A** and incorporated herein by reference.

14.     While BHTBC has gained significant common law trademark and other rights in its Squeezamals Products through its extensive use, advertising and promotion, BHTBC has also protected its valuable rights by filing for and obtaining a federal trademark registration.

15.     BHTBC is the owner of U.S. Trademark Registration No. 5,603,339 for "SQUEEZAMALS" for a variety of goods in Class 28 ("Squeezamals Mark"), which is currently in use in commerce in connection with Squeezamals Products, and has a constructive date of first use of February 19, 2018.   A true and correct copy of the registration certificate for the Squeezamals Mark is attached hereto as **Exhibit B** and is incorporated herein by reference.

16.     In addition, BHTBC owns both registered and unregistered copyrights in and related to the Squeezamals Products.

17.     BHTBC has protected its valuable rights by filing for and obtaining U.S. copyright registrations in and relating to the Squeezamals Products.   For example, BHTBC is the owner of the following U.S. Copyright Registration Nos.: VA 2-111-231, covering the Squeezamals Series 1 White Cat; VA 2-111-212, covering the Squeezamals Series 1 Dog; VA 2-111-208, covering the Squeezamals Series 1 Monkey; VA 2-111-202, covering the Squeezamals Series 1 Panda; VA 2-111-230, covering the Squeezamals Series 1 Penguin; VA 2-112-188, covering the Squeezamals Series 1 Unicorn; VA 2-112-164, covering the Squeezamals Series 1 Packaging; VA 2-129-675, covering the Squeezamals Season 2 Elephant; VA 2-129-679, covering the Squeezamals Season 2 Furball; VA 2-129-672, covering the

Squeezamals Season 2 Giraffe; VA 2-129-669, covering the Squeezamals Season 2 Zebra; and a number of pending U.S. copyright applications, including those covering the Squeezamals Series 1 Ladybug and the Squeezamals Series 1 Narwhal, among others (collectively, "Squeezamals Works"). True and correct copies of the registration certificates, and the corresponding deposit materials, for the registered Squeezamals Works are attached hereto as **Exhibit C** and incorporated herein by reference.

18.     BHTBC has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Squeezamals Products, Squeezamals Mark and Squeezamals Works.

19.     The success of the Squeezamals Products is due in large part to BHTBC's marketing, promotion and distribution efforts. These efforts include, but are not limited to, the advertising and promotion of the Squeezamals Products through nationwide television advertising campaigns for the Squeezamals Products, print and internet-based advertising and publicity for the Squeezamals Products, placement of the Squeezamals Products at dozens of authorized major retail outlets, both domestically and abroad, and BHTBC's participation in major industry toy fairs in both New York and Hong Kong.

20.     BHTBC's and the Squeezamals Products' success are also due to BHTBC's use of high-quality materials and processes in making the Squeezamals Products.

21.     Additionally, BHTBC owes a substantial amount of the success of the Squeezamals Products to its consumers and the word-of-mouth buzz that its consumers have generated.

22.     As a result of BHTBC's efforts, the quality of its Squeezamals Products, its promotions, press and media coverage, and word-of mouth-buzz, the Squeezamals Products, Squeezamals Works, and Squeezamals Mark have become prominently placed in the minds of the public.  Members of the public have become familiar with the Squeezamals Products, Squeezamals Works, and Squeezamals Mark, and have come to recognize the Squeezamals Products, Squeezamals Works, and Squeezamals Mark and associate them exclusively with BHTBC.

23.     BHTBC has gone to great lengths to protect its interests in and to the Squeezamals Works and Squeezamals Mark.  No one other than BHTBC is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Squeezamals Works or Squeezamals Mark without the express written permission of BHTBC.

### Defendant's Wrongful and Infringing Conduct

24.     In light of BHTBC's enormous success, particularly with respect to the Squeezamals Products, as well as the reputation that they have gained, BHTBC and its Squeezamals Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame BHTBC has amassed in its Squeezamals Products and Squeezamals Works.

25.     BHTBC investigates and enforces against such activity, and through such

efforts, learned of the Defendant's actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of BHTBC's Squeezamals Works and/or products in packaging and/or containing labels and/or artwork that is substantially similar to one or more of BHTBC's Squeezamals Works and/or products that are substantially similar to the Squeezamals Products (hereinafter referred to as "Infringing Product(s)") to U.S. consumers, including those located in the State of California, through, at a minimum, third-party retailers. True and correct photographs of Infringing Products, which were available at Walgreens, are attached hereto as **Exhibit D**.

26. Plaintiff first became aware of Defendant's infringing activities on or about November 2018, including, at the very least Defendant's offering for sale and/or sale of Infringing Products at Walgreens, where authentic Squeezamals Products are also sold.

27. Not only are the Infringing Products themselves substantially similar to the Squeezamals Products and Squeezamals Works (*compare* Exhibits A, C and D), but also, the hang tag used on or in connection with the Infringing Products is substantially similar to the hang tag used on or in connection with Squeezamals Products.

28. A side-by-side comparison of BHTBC's and Defendant's respective hang tags appears below:

| **Squeezamals Product Hang Tag** | **Infringing Product Hang Tag** |
| --- | --- |




29.     After Plaintiff became aware of Defendant's infringing actions, Plaintiff's counsel sent a cease and desist letter to Defendant on November 13, 2018 ("C&D").  A true and correct copy of the C&D is attached hereto as **Exhibit E**.

30.     Although Defendant, through its counsel, has responded to the C&D, it has failed to comply with all of the requests set forth therein, including, but not limited to, agreeing to cease offering for sale and/or selling Infringing Products.

31.     To date, Plaintiff has been unable to settle this matter with Defendant.

32.     Defendant is not, and has never been, authorized by BHTBC or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Squeezamals Products or to use BHTBC's Squeezamals Works, or any artwork that is substantially similar to the Squeezamals Works.

33.     By these dealings in Infringing Products (including, without limitation,

copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendant has violated BHTBC's exclusive rights in its Squeezamals Works, and has used images, designs and/or artwork that are substantially similar to and/or constitute infringement of BHTBC's Squeezamals Works in order to confuse consumers into believing that such Infringing Products are BHTBC's Squeezamals Products and aid in the promotion and sales of its Infringing Products. Defendant's conduct began long after BHTBC's adoption and use of its Squeezamals Works and after BHTBC's Squeezamals Products became well-known to the purchasing public.

34.     Prior to and contemporaneous with its actions alleged herein, Defendant had knowledge of BHTBC's ownership of its Squeezamals Works, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Squeezamals Products, and in bad faith adopted BHTBC's Squeezamals Works.

35.     Defendant has been engaging in the illegal and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to BHTBC's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of BHTBC, BHTBC's Squeezamals Works and Squeezamals Products.

36.     Defendant's dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendant's Infringing Products, thereby causing consumers to

erroneously believe that such Infringing Products are licensed by or otherwise associated with BHTBC, thereby damaging BHTBC.

37.     In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to BHBC: infringed the Squeezamals Works and committed unfair competition.

38.     Unless enjoined, Defendant will continue to cause irreparable harm to BHTBC.

## CAUSES OF ACTION
## COUNT I
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

39.     BHTBC repleads and incorporates the foregoing paragraphs as if fully set forth herein.

40.     BHTBC is the exclusive owner of the Squeezamals Works.

41.     Defendant had actual notice of BHTBC's exclusive rights in and to the Squeezamals Works.

42.     Defendant did not attempt and therefore inherently failed to obtain BHTBC's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market BHTBC's Squeezamals Products and/or Squeezamals Works.

43.     Without permission, Defendant knowingly and intentionally reproduced, copied, and displayed BHTBC's Squeezamals Works by manufacturing, importing,

exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Squeezamals Works, or artwork that is, at a minimum, substantially similar to BHTBC's Squeezamals Works.

44. Defendant's unlawful and willful actions as alleged herein constitute infringement of BHTBC's Squeezamals Works, including BHTBC's exclusive rights to reproduce, distribute, and/or sell such Squeezamals Works in violation of 17 U.S.C. § 501(a).

45. Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to BHTBC in an amount as yet unknown but to be proven at trial, for which BHTBC has no adequate remedy at law, and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to BHTBC.

46. Based on Defendant's wrongful conduct, BHTBC is entitled to injunctive relief, BHTBC's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## COUNT II

### (Unfair Competition)
### [Cal. Bus. & Prof. Code § 17200]

47. BHTBC repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. California Business and Professions Code § 17200, *et seq.*, states that

unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

49. Defendant's unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, and/or deception as to the source, origin, and/or sponsorship of Defendant's Infringing Products, and to falsely mislead consumers into believing that the Infringing Products themselves, along with the packaging thereof, are those of, affiliated with, and/or approved by BHTBC.

50. Accordingly, Defendant's unauthorized use of the Squeezamals Works constitutes unfair competition in violation of California Business and Professionals Code § 17200, *et seq*.

51. Defendant's acts of unfair competition have caused BHTBC to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

52. In light of the foregoing, BHTBC is entitled to an injunction under California Business and Professions Code § 17200 *et seq.* restraining Defendant from engaging in further such unlawful conduct, as well as to restitution of those amounts unlawfully obtained by Defendant through its wrongful conduct.

## COUNT III

### (Unfair Competition)
### [California Common Law]

53. BHTBC repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing

in the Infringing Products, Defendant has traded off the extensive goodwill of BHTBC and its Squeezamals Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with BHTBC and engaging in unfair competition in violation of the common law of the State of California. Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of BHTBC, which BHTBC has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

55. Defendant's advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of BHTBC's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

56. Defendant knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

57. Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of BHTBC's rights, and for the wrongful

purpose of injuring BHTBC and its competitive position while benefiting Defendant.

58.    As a direct and proximate result of Defendant's aforementioned wrongful actions, BHTBC has been and will continue to be deprived of substantial sales of its Squeezamals Products, and of the value of its Squeezamals Works as commercial assets,  in an amount as yet unknown but to be determined at trial, for which BHTBC has no adequate remedy at law.

59.    As a result of Defendant's actions alleged herein, BHTBC is entitled to injunctive relief, an order granting BHTBC's damages and Defendant's profits stemming from its infringing activities, and exemplary or punitive damages for Defendant's intentional misconduct.

## PRAYER FOR RELIEF

**WHEREFORE**, BHTBC respectfully prays for judgment against Defendant as follows:

A.    For an award of BHTBC's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of BHTBC's Squeezamals Works under 17 U.S.C. § 501(a);

B.    In the alternative to BHTBC's actual damages and Defendant's profits for copyright infringement of BHTBC's Squeezamals Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which BHTBC may elect prior to the rendering of final judgment;

C. For restitution of those amounts unlawfully obtained by Defendant through its illegal and infringing conduct, as alleged herein, pursuant to California Business and Professionals Code § 17200;

D. For damages to be proven at trial for common law unfair competition;

E. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

  i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

  ii. directly or indirectly infringing in any manner any of BHTBC's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals Works;

  iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals Works to identify any goods or services not authorized by BHTBC;

iv. using any of BHTBC's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals Works, or any other artwork that is substantially similar to BHTBC's Squeezamals Works on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant with BHTBC, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant and Defendant's commercial activities by BHTBC;

vi. engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any

Infringing Products;

vii. engaging in any other actions that constitute unfair competition with BHTBC;

viii. engaging in any other act in derogation of BHTBC's rights;

ix. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

x. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xi. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

F.    For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to BHTBC for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of BHTBC's

trademarks, copyrights, or other rights including, without limitation, BHTBC's Squeezamals Works, or bear any artwork that is substantially similar to BHTBC's Squeezamals Works;

G.     For an order of the Court requiring that Defendant deliver up for impounding and/or destruction to BHTBC any and all Infringing Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of BHTBC's trademarks, copyrights, or other rights including, without limitation, BHTBC's Squeezamals Works, or bear any artwork that is substantially similar to BHTBC's Squeezamals Works pursuant to 17 U.S.C. § 503;

H.     For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

I.     For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to BHTBC;

J.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

K.   For BHTBC's reasonable attorneys' fees;

L.   For all costs of suit; and

M.   For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.

Dated: February 1, 2019          Respectfully submitted,

**BESHADA FARNESE LLP**

BY:__/s/ Peter J. Farnese_____
Peter J. Farnese
pjf@beshadafareselaw.com
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Telephone: 310-356-4668
Facsimile: 310-388-1232

*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Co.*

**EPSTEIN DRANGEL LLP**
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon
ddixon@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391

1

2   *Attorneys for Plaintiff*
    *Beverly Hills Teddy Bear Co.*
3   *Pro Hac Vice Applications to be Submitted*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28